IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORVELIN ZAVALETA, Individually and On Behalf of All Similarly Situated Persons<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-2321 |
| PIZZAIOLO'S GOURMET PIZZA #1, INC., and RENE BENITEZ,<br>    Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Orvelin Zavaleta and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1.   Plaintiff Orvelin Zavaleta ("Zavaleta"), a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2.   Defendant, Pizzaiolo's Gourmet Pizza #1, Inc. ("PGP") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, PGP is subject to the provisions of the FLSA. PGP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. PGP may be served through its registered agent, Rene Benitez at 18301 FM 1488, Suite 1, Magnolia, Texas 77353 or wherever he may be found.

3. Defendant, Rene Benitez ("Benitez") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Benitez is subject to the provisions of the FLSA. Benitez was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. Benitez was the person who determined and directly controlled the employee compensation policies of Pizzaiolo's Gourmet Pizza #1, Inc. Defendant Benitez may be served with process at 18301 FM 1488, Suite 1, Magnolia, Texas 77353 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Plaintiff Orvelin Zavaleta worked for Defendants as a kitchen manager and cook from 2015 until July 1, 2017. Zavaleta's duties included, but were not limited to, stocking and ordering merchandise, assisting other cooks with food orders, preparing food, and cleaning the kitchen. During his tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff was paid an hourly rate and was not paid an overtime premium for hours worked over 40 hours per workweek. Instead, he was paid the same hourly rate for all hours worked over 40 in a workweek, and was paid in cash for hours worked over 40 in a workweek.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

8. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Plaintiffs' Individual Allegations**

9. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in many workweeks that the Plaintiff was employed by Defendants during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in most weeks. Plaintiff was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

11.     Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA.  A number of these employees have worked with Plaintiff.  Thus, Plaintiff is aware that the illegal practices or policies that the Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiff is aware that Defendants makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other employees on the same basis as the Plaintiff.

12.     The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed.  Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13.     Further, each member of the class was paid according to a common payment scheme.  Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14.     The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15.     No justification or exemption excused the Defendants from paying the Members

of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class. Defendants demonstrated their knowing violation by practice of paying the first 40 hours each week as hours worked and the remaining hours in cash. The effect of Defendant's actions was that Plaintiff and Members of the Class were paid "straight time" for all work performed for Defendants.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed on an hourly basis by Defendants Pizzaiolo's Gourmet Pizza #1, Inc. and Rene Benitez during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

20. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

21. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

5

1. Issuance of notice as soon as possible to all persons employed by Pizzaiolo's Gourmet Pizza #1, Inc. and Rene Benitez on an hourly basis during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ORVELIN ZAVALETA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**